

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| ANTONTIO MILLER,<br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | §<br>§<br>§<br>§ CRIMINAL ACTION NO. 1:17-770-MGL<br>§　　CIVIL ACTION NO.　1:23-4684-MGL<br>§<br>§<br>§ |

---

**MEMORANDUM OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS AND
DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION**

---

### I.    INTRODUCTION

Petitioner Antonio Miller, who is representing himself, brings this 28 U.S.C. § 2255 motion to vacate against Respondent United States of America.  In his motion, he seeks to have his indictment dismissed, or in the alternative, to be granted an evidentiary hearing.  The government has moved to dismiss Miller's motion as untimely.

Having carefully considered the motions, the responses, the record, and the applicable law, the Court will grant the government's motion to dismiss and deny Miller's motion.

### II.    FACTUAL AND PROCEDURAL HISTORY

In 2012, Miller was convicted of murder and other offenses by the State of South Carolina for his involvement in a 2008 drug-related homicide that occurred in Aiken, South Carolina.  In 2016, however, the Supreme Court of South Carolina reversed Miller's conviction because the

affidavit supporting the search warrant for Miller's residence issued by the magistrate judge failed to establish probable cause.

On August 16, 2017, the federal government filed a three-count indictment against Miller arising out of the same 2008 Aiken County homicide. The indictment charged Miller with "use of a firearm causing death," in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1) and (2), "kidnapping resulting in death" in violation of 18 U.S.C. §§ 1201(a)(1), 1201(a)(2), and "drug conspiracy resulting in death," in violation of 18 U.S.C. §§ 848, 846, 841(a)(a), and 841(b)(1)(A).

Miller filed a motion to dismiss, citing the pre-indictment delay and made a motion to suppress the evidence obtained from his car and residence. This Court held Miller failed to prove the delay caused him to suffer actual and substantial prejudice and concluded the evidence obtained from Miller's residence fell under the good faith exception for subsequently invalidated warrants. It therefore denied his two motions.

Miller entered a plea agreement and pled guilty to the above listed counts in the indictment. The Court sentenced Miller to 360 months incarceration, as per his plea agreement, but he retained the right to appeal the district court's ruling denying his request to suppress evidence found from the searches of his car and home.

Miller appealed his conviction on the grounds officers unlawfully intruded onto the curtilage of his home and the search warrant failed to establish a nexus between his residence and any criminal activity. The Fourth Circuit Court of Appeals rejected these arguments and affirmed Miller's conviction. The Supreme Court thereafter denied Miller's petition for writ of certiorari on October 13, 2020

Subsequently, Miller filed this § 2255 motion to vacate in September of 2023, requesting all his convictions be vacated, or in the alternative, he be granted an evidentiary hearing. The

government filed a motion to dismiss Miller's § 2255 motion, after which Miller filed a response requesting the Court allow expansion the record so he can fully present the alleged constitutional violations.  The Court, having been fully briefed on the relevant issues, will now adjudicate the two motions.

### III.     LEGAL STANDARD

#### A.  *Section 2255 Generally*

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255(a).  Four grounds exist upon which relief may be granted under § 2255: (1) where the sentence was imposed in violation of the Constitution or laws of the United States; (2) where the court lacked jurisdiction to impose such sentence; (3) where the sentence was in excess of the maximum authorized by law, and (4) where the sentence is otherwise subject to collateral attack.  *Id.*

Regardless of the grounds raised, all such claims are subject to a one-year statute of limitations.  § 2255(f).  Under § 2255(f), this one-year limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

3

### B.  When Hearings are Unnecessary

For § 2255 motions, hearings are unnecessary when "the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  This means "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted).

As such, "conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence at an evidentiary hearing."  *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted).

## IV.    DISCUSSION AND ANALYSIS

Miller alleges five grounds he says entitle him to relief.  The government, however, contends Miller's entire motion is untimely. As previously stated, the limitation period for filling § 2255 motions begins to run at the latest of four specified events.  Miller fails to allege any governmental impediment, 28 U.S.C. § 2255(f)(2), newly recognized right, *Id.* at (3), or newly discovered facts, *Id.* at 4.  Therefore, the limitation period for Miller's § 2255 motion began to run on the date on which the judgment of his conviction became final.  *Id.* at (1).

A defendant's conviction becomes final when all avenues for appeal have been exhausted, or a defendant fails to peruse those avenues in the necessary timeframe.  *United States. v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017).  Consequently, here, Miller's conviction became final on the day his petition for writ of certiorari was denied: October 13, 2020.  But this motion was entered by

4

the clerk of court almost three years later, on September 18, 2023. Thus, under the one-year time-bar set forth in 28 U.S.C. § 2225(f)(1), Miller's § 2255 motion is untimely.

Miller concedes his § 2255 motion is untimely but believes his untimeliness should be excused. Motion to Vacate at 10-11. Equitable tolling can extend the one-year window a petitioner has to bring a § 2255 petition when "due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Tolling can apply when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Courts, however, have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.

Lacking here is any suggestion Miller "fil[ed] a defective pleading during the statutory period[ ] [or that he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. Thus, the question here is only whether he "exercise[d] due diligence in preserving his legal rights." *Id*.

Miller maintains the statute of limitations should be equitably tolled because he "was deprived of counsel on initial review of collateral proceedings" which hindered the development of the ineffective assistance of counsel claims brought in his § 2255 motion. Motion to Vacate at 10-11. Miller argues he had a constitutional right to counsel in the development of his § 2255 motion and the lack of counsel entitles him to equitable tolling. He is mistaken.

Prisoners lack a constitutional right to an attorney in post-conviction collateral attacks. "The right to appointed counsel extends to the first appeal as of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Although a judge may appoint counsel in the context of § 2255 motions, this is within the court's discretion. 28 U.S.C. § 2255(g). In a civil case such as this, counsel should be appointed only when "the case of an indigent person presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (internal citation omitted).

This inquiry requires a district court "to determine (1) whether the [petitioner] 'has a colorable claim' and (2) considering the claim's objective complexity and the [petitioner's] subjective abilities, whether the [petitioner] 'lacks the capacity to present it.'" *Id.* Miller's claims are colorless and lacking in complexity such that Miller is well able to present his arguments

As such, Miller's argument fails to present any exceptional circumstances and must therefore be rejected.

Miller also mentions "[COVID] protocol restrictions in the B.O.P. at the [relevant] time that kept [him] locked down on his housing unit and unable to go to the law library to begin to understand how to complete a § 2255 petition." Motion to Vacate at 14. Prison conditions alone, however, are insufficient to entitle a § 2255 petitioner to equitable tolling. *See Atkins v. Murphy*, 204 F.3d 1086, 1089 (11th Cir. 2000) (holding prison lockdown failed to justify the petitioner's substantial delay in filing his § 2255 motion).

In sum, Miller waited nearly three years after the judgment of conviction was final before filing his motion, and has neglected to demonstrate he exercised due diligence in the preservation of his legal rights. Therefore, the Court is of the firm opinion he has failed to establish his claims are subject to the doctrine of equitable tolling.

Even if Miller's motion was timely, however, his arguments would still be rejected. Miller claims his federal prosecution violates the Double Jeopardy Clause of the Fifth Amendment because South Carolina had already prosecuted him for the same conduct. But, "[u]nder this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the [f]ederal [g]overnment has prosecuted him for the same conduct under a federal statute. Or the reverse may happen . . . ." *Gamble v. United States*, 587 U.S. 678, 681 (2019). As such, Miller's argument his federal convictions violate the Fifth Amendment is without merit.

Miller also seeks relief on the grounds his appellate counsel failed to raise ineffective assistance of counsel claims on appeal. Claims of ineffective assistance, however, are generally unable to be brought on direct appeal. *United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997). An exception to this general rule applies in situations where the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. The record here is void of any indication of such ineffectiveness, so this argument must also fail.

It is unnecessary for the Court to address the remainder of Miller's claims as they are all time barred.

## V.     CONCLUSION

For the reasons given above, the government's motion to dismiss is **GRANTED**, and Miller's motion to vacate is **DENIED.** As such, Miller's request for an evidentiary hearing and to allow expansion of the record are necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 23rd day of July 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

Miller is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.